# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**NATHANIEL DiCOSIMO,**
      Petitioner,

v.                                                    Case No. 22-C-0420

**MARK T. SLATE, JUDGE,**
**GERISE N. LASPESA,**
**STATE OF WISCONSIN, and**
**GREEN LAKE COUNTY SHERIFF'S**
**DEPARTMENT**
      Respondents.

---

## DECISION AND ORDER

Nathaniel DiCosimo has filed a petition for a writ of habeas corpus in which he alleges that he is being held in unlawful pretrial custody at the Green Lake County Correctional Facility in Green Lake County, Wisconsin. DiCosimo also seeks leave to proceed without prepaying the filing fee. Because the petitioner's custody arises from pretrial detention, I will construe the petition as seeking relief under 28 U.S.C. § 2241. *See Jacobs v. McCaughtry*, 251 F.3d 596, 597 (7th Cir. 2001). However, upon review of the petition's allegations, I determine that it should be summarily dismissed.

The petitioner alleges that he is in custody on criminal charges filed against him in Green Lake County Case No. 22CF20. He attaches to his petition a copy of the criminal complaint filed on February 7, 2022, which shows he was charged with four counts that arose out of an alleged instance of domestic abuse: battery, disorderly conduct, criminal damage to property, and intimidation of a victim. (ECF No. 1-1 at 7–8 of 20.) The complaint alleges that, because of the petitioner's prior domestic-abuse convictions, he is subject to a penalty enhancer that adds time to the maximum sentence on each charge

and converts the first three charges, which would have been misdemeanors, into felonies. The fourth charge was always a felony and, even without the domestic-abuse enhancement, carries a maximum prison term of 10 years.

The petition is lengthy and appears to raise various issues, most of which deal with matters of state law that are not cognizable on federal habeas review. *See* 28 U.S.C. § 2241(c)(3); *Arnold v. Dittmann*, 901 F.3d 830, 835 n.3 (7th Cir. 2018). The petitioner also seems to want to join a claim under the Religious Land Use and Institutionalized Persons Act to his habeas claim, but such a claim must be raised in an ordinary civil action rather than in a petition for a writ of habeas corpus. Thus, I will not further consider these issues and claims.

The only potentially viable federal habeas claim in the petition is a claim that the state court imposed excessive bail in violation of the Eighth Amendment of the Constitution. The petitioner alleges that, following his arrest on the above charges, a judge set bail in the amount of $5,000 cash bond. A short time later, the judge increased bail to $10,000 cash bond. The petitioner asserts that this amount is excessive.

The Seventh Circuit has held that "the only issue to be resolved by a federal court presented with a habeas corpus petition that complains of excessive bail is whether the state judge has acted *arbitrarily* in setting that bail." *U.S. ex rel. Fitzgerald v. Jordan*, 747 F.2d 1120, 1133 (7th Cir. 1984) (quoting *Simon v. Woodson*, 454 F.2d 161, 165 (5th Cir.1972)). Bail is excessive only when it is set at "a figure higher than an amount reasonably calculated" to fulfill the purpose of assuring that the accused "will stand trial and submit to sentence if found guilty." *Stack v. Boyle*, 342 U.S. 1, 4–5 (1951). Here, given the seriousness of the charges and the petitioner's exposure to more than 10 years

in prison if found guilty, the amount of bail is reasonable on its face. Although the petitioner points to various circumstances that, he contends, shows that the judge should have set lower bail, federal courts are not permitted "to conduct a *de novo* bond hearing for every habeas corpus case that comes before it." *Fitzgerald*, 747 F.2d at 1133. Accordingly, I conclude that the petitioner clearly is not entitled to relief in the district court and will dismiss the petition.

For the reasons stated, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DISMISSED**. The Clerk of Court shall enter final judgment. I find that the petitioner has not made the showing required by 28 U.S.C. § 2253(c)(2), and therefore I will not issue a certificate of appealability.

**IT IS FURTHER ORDERED** that the petitioner's motion for leave to proceed without prepaying the filing fee is **DENIED** as **MOOT**.

Dated at Milwaukee, Wisconsin, this 7th day of April, 2022.

s/Lynn Adelman
LYNN ADELMAN
United States District Judge